United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BRAYAN ELI ROSA PLEITEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1505 |
| | § | |
| WARDEN DC COLE *et al.* | § | |

**ORDER**

Before the Court is Respondents' Motion to Dismiss for lack of subject matter jurisdiction (Dkt. No. 9). Respondents advised that Petitioner left the United States "pursuant to a voluntary departure under safeguard," rendering his habeas action moot (*see* Dkt. No. 9 at 1). The Court agrees.

A habeas petition is moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Faudoa-Gonzalez v. Barr*, 836 F. App'x 242, 245 (5th Cir. 2020). Indeed, "[h]abeas has traditionally been a means to secure *release* from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (citing *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004)).

Here, Petitioner is no longer in ICE custody; he has voluntarily departed the United States (Dkt. No. 9 at 1). He contests his detention (*see* Dkt. No. 1). He does not challenge his underlying removal order. Because he is no longer detained, his petition no longer presents a live case or controversy and is moot. *See Cardoso v. Warden*, No. CV 5:26-CV-98-DCB-RPM, 2026 WL 1435604, at *1 (S.D. Miss. Apr. 27, 2026), *report and*

*recommendation adopted,* No. 5:26-CV-98-DCB-RPM, 2026 WL 1435594 (S.D. Miss. May 21, 2026); *Hernandez Membreno v. Vergara*, No. 1:26-CV-496-RP, 2026 WL 1045952, at *3 (W.D. Tex. Apr. 14, 2026).

Accordingly, Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Cardoso*, 2026 WL 1435604, at *1. Respondents' Motion to Dismiss (Dkt. No. 9) is **GRANTED**. Respondents' Motion for Summary Judgment (Dkt. No. 7) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** October 15, 2026.

Marina Garcia Marmolejo
United States District Judge